IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **LORA LEE EVERETT** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 2:23-CV-00057** |
| | § | |
| **BONNIE SANTOS** | § | **JURY TRIAL** |

**DEFENDANT BONNIE SANTOS' UNOPPOSED
MOTION TO ENFORCE SETTLEMENT AGREEMENT**

TO THE HONORABLE U.S. DISTRICT JUDGE NELVA GONZALES RAMOS:

NOW COMES Defendant Bonnie Santos ("Santos") and files this Unopposed Motion to Enforce Settlement Agreement. At mediation, Santos settled this lawsuit with Plaintiff Lora Lee Everett ("Everett"). Everett and her counsel signed a Mediated Settlement Agreement. Everett has, however, failed to sign a release and file a stipulation of dismissal with prejudice. This motion is filed to enforce the settlement as a binding contract and to require Everett to sign a release and file a stipulation of dismissal with prejudice.

## I. Summary of Case

Everett filed this 42 U.S.C. § 1983 suit against Santos, a certified peace officer, asserting that she violated her Fourth Amendment right to be free from the use of excessive force during her detention and arrest on February 27, 2021. (D.E. 1, Original Complaint at ¶¶ 68-101) On July 22, 2024, Santos filed a motion for summary judgment denying any violation of Everett's constitutional right and asserting qualified immunity. (D.E. 38).

## II. The Parties' Settlement Agreement

On September 12, 2024, the Parties participated in a mediation conducted via Zoom. Stephen McMains served as mediator. The Parties reached a settlement. The settlement terms – *"Defendant agrees to pay a settlement of $62,500.00 to Plaintiff in exchange for a dismissal with prejudice and*

*a full release*" – were memorialized in a Mediated Settlement Agreement (MSA) which was circulated by Mediator McMains via DocuSign to the Parties and counsel for review and signature. The Mediated Settlement Agreement was signed by the Parties and counsel. Refer to **Exhibit 1**, Declaration of Liza Aguilar Wood, **Exhibit 1-A**, Email dated September 12, 2024, from DocuSign on behalf of Mediator McMains providing the fully executed Mediated Settlement Agreement.

On September 12, 2024, the Parties filed an Agreed Notice of Settlement, and the Court issued an Order setting a deadline of November 18, 2024, to file the dismissal documents. (D.E. 43, D.E. 44). On September 12, 2024, Defense counsel also submitted a Compromise Settlement Agreement and Full and Complete Release (Release) to Plaintiff's counsel for review. **Exhibit 1-B**, Release.

To date, Everett has not signed the Release. Multiple extensions of the deadline to file dismissal documents have been granted by the Court. (D.E. 44, 46, 48). Everett has not responded to Plaintiff counsel's communications and efforts to secure her signature on the Release. (D.E. 49).

### III. Parties' Settlement Agreement Should be Enforced

"A district court has inherent power to recognize, encourage, and when necessary enforce settlement agreements reached by the parties." *Wise v. Wilkie*, 955 F.3d 430, 434 (5th Cir. 2020) (citing *Bell v. Schexnayder*, 36 F.3d 447, 449 (5th Cir. 1994)); *see Mid-South Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 389 (5th Cir. 1984) (recognizing a district court's "power to enforce summarily a settlement agreement reached in a case pending before it."). Enforcement of a settlement agreement is within the discretion of the district court. *Bell*, 36 F.3d at 449; *Deville v. United States ex. rel. Dept' of Veterans Affairs*, 202 F. App'x 761, 762 (5th Cir. 2006). Such is true where, as in this case, a plaintiff agrees to an initial mediated settlement agreement but later refuses

or fails to sign a formal agreement adopting the terms of that initial mediated settlement agreement. *See e.g., Daftary v. Metro. Life Ins. Co.*, 136 F.3d 137, 1998 WL 30059, at *1 (5th Cir. Jan. 12, 1998) (per curiam).

In federal question cases, federal common law is applied to determine whether a settlement agreement is valid and enforceable. *Mid-South Towing Co.*, 733 F.2d at 389. Under federal common law, "[a] settlement agreement is a contract." *Guidry v. Halliburton Geophysical Servs., Inc.*, 976 F.2d 938, 940 (5th Cir. 1992). "[A] binding settlement agreement exists where there is a manifestation of mutual assent, usually in the form of an offer and an acceptance." *Chen v Highland Cap. Mgmt., L.P.*, No. 3:10-cv-1039, 2012 WL 5935602, at *2 (N.D. Tex. Nov. 27, 2012) (citing López, 2010 WL 4639046, at *4 (S.D. Tex. Nov. 5, 2010).

The Mediated Settlement Agreement entered into by Everett and Santos is a legally binding contract. In signing the Mediated Settlement Agreement, Everett agreed, in exchange for the stated consideration, to provide a full release of her claims and dismissal with prejudice. **Exhibit 1-A**, Mediated Settlement Agreement. And, Everett admits that a settlement agreement was reached at mediation and that she signed the Mediated Settlement Agreement. (D.E. 43, D.E. 49 at ¶ 2.1).

Having entered into a legally binding contract, Everett may not subsequently change her mind and withdraw her agreement. *Fulgence v. J. Ray McDermott & Co.*, 662 F.2d 1207, 1209 (5th Cir. Dec. 1981) (recognizing that where the parties agreed to all material terms a party who "changes [her] mind when presented with the settlement documents ... remains bound by the terms of the agreement"); *Fields v. SBC Comm., Inc. Disability Income Plan*, No. A-11-CV-1022-AWA, 2014 U.S. Dist. LEXIS 82578, 2014 WL 2765687, at *4 (W.D. Tex. June 18, 2014).

Defendant Santos requests that this Court exercise its discretion and enforce the Mediated

Settlement Agreement and, in so doing, order that Everett execute the Release and file a stipulation of dismissal with prejudice.

### IV.  Prayer for Relief

For the reasons stated above, Defendant Santos prays that the Court grant this Motion enforcing the Mediated Settlement Agreement as a binding contract and order that Plaintiff, or alternatively Plaintiff's counsel on Plaintiff's behalf, sign the Release to receive the settlement proceeds which shall be distributed to her by Plaintiff's counsel from his firm's trust account after deduction of attorney's fees, expenses and any outstanding liens and (b) file a stipulation of dismissal with prejudice. Defendant Santos prays that the Court grant such other relief to which she may be entitled.

Respectfully submitted,

By: */s/ Liza Aguilar Wood, signed with permission*
James McKibben
*Attorney-In-Charge*
Southern District ID No. 914
State Bar No. 13713000
jmckibben@mcv-law.com
Liza Aguilar Wood
*Of Counsel*
Southern District ID No. 23222
State Bar No. 24006741
laguilarwood@mmjw-law.com
*McKIBBEN, MARTINEZ & WOOD, L.L.P.*
555 N. Carancahua, Ste. 1100
Corpus Christi, Texas  78401-0841
Telephone: 361.882.6611
Facsimile: 361.883.8353

**ATTORNEYS FOR DEFENDANT
BONNIE SANTOS**

**CERTIFICATE OF CONFERENCE**

This signature below certifies that counsel for Plaintiff was conferred with and is not opposed to the filing of this Motion.

                                       */s/ Liza Aguilar Wood*
                                       Liza Aguilar Wood

**CERTIFICATE OF SERVICE**

I certify that in accordance with the Federal Rules of Civil Procedure a copy of the foregoing was forwarded via the CM/ECF system to Plaintiff's counsel, Matt Manning, on March 14, 2025.

                                       */s/ Liza Aguilar Wood*
                                       Liza Aguilar Wood